

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICTORIA ANN GIFFORD and DENNIS JOSEPH CORY,<br><br>                    Plaintiffs,<br><br>          v.<br><br>GENERAL MOTORS LLC,<br><br>                    Defendant. | Case No. CV 25-8164 PVC<br><br>**MEMORANDUM OPINION AND ORDER** |

**I.**

**INTRODUCTION**

In February 2025, Victoria Ann Gifford and Dennis Joseph Cory filed a Complaint in Los Angeles County Superior Court against General Motors LLC, alleging breach of implied and express warranties under (1) the California Song-Beverly Consumer Warranty Act and (2) the federal Magnuson-Moss Warranty Act. (Dkt. No. 1-1). On August 29, 2025, Defendant filed a Notice of Removal, removing the action to federal court. ("Notice," Dkt. No. 1).

1      On September 26, 2025, Plaintiffs filed a Motion to Remand (Dkt. No. 14),

2   supported by the Declaration of Michelle Yang (Dkt. No. 14-1) and accompanying

3   exhibits.  On October 7, Defendant filed its Opposition (Dkt. No. 17), supported by the

4   Declaration of Sarah Garbuzov ("Garbuzov Decl.," Dkt. No. 17-1) and accompanying

5   exhibits.  On October 14, Plaintiffs filed a Reply in support of their Motion (Dkt. No.

6   18).[1]  The Court held a hearing on October 28 (Dkt. No. 21), and on November 12,

7   ordered supplemental briefing (Dkt. No. 22).  Defendant filed its supplemental brief on

8   November 19 ("Def. Supp.," Dkt. No. 23), and Plaintiffs filed theirs on November 26

9   ("Pl. Supp.," Dkt. No. 24).

10

11      The parties have consented pursuant to 28 U.S.C. § 636(c) to the jurisdiction of the

12   undersigned United States Magistrate Judge.  (Dkt. Nos. 5, 11).  For the reasons stated

13   below, the Motion to Remand is DENIED.

14

15                                    **II.**

16                   **ALLEGATIONS OF THE COMPLAINT**

17

18      Plaintiffs purchased a 2019 GMC Sierra 2500 ("Subject Vehicle") in November

19   2019.  (Compl. ¶¶ 7, 10).  Plaintiff alleges that the Subject Vehicle was defective and that

20   Defendant failed to fulfill its warranty obligations.  (*Id.* ¶¶ 13, 15).  Plaintiffs state five

21   causes of action arising under the Song-Beverly Act (*id.* ¶¶ 19–34) and the Magnuson-

22   Moss Warranty Act (MMWA) (*id.* ¶¶ 35–45).  They seek actual damages, civil penalties,

23   consequential and incidental damages, costs and attorneys' fees, and prejudgment interest.

24   (*Id.* at 6–7).

25

26

27      [1] On October 28, 2025, Defendant filed a Supplemental Brief (Dkt. No. 20) without

28   prior authorization, *see* Local Rule 7-10, and will not be considered.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.

### DISCUSSION

Plaintiffs move to remand the action to state court, arguing that Defendant's removal was untimely and not substantively proper.  (Mot. at 5).

### A.    <u>Legal Standards</u>

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over matters authorized only by the Constitution and statute.  *Royal Canin U.S.A., Inc. v. Wullschleger,* 604 U.S. 22, 26 (2025).  There is a presumption that a district court lacks jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *accord Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017).

A defendant may remove a state civil action to the federal district and division where the action is pending if the district court would have had original jurisdiction over the matter.  28 U.S.C. § 1441(a).  "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).  "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000."  *Id.* Removal is narrowly construed, and there is a "strong presumption against removal." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation omitted).  The defendant "always has the burden of establishing that removal is proper," *Casola v. Dexcom, Inc.*, 98 F.4th 947, 954 (9th Cir. 2024) (citation omitted), and any ambiguities or

doubt as to an action's removability are resolved in favor of remand, *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

If the action stated by the initial pleading is removable, a defendant must file the notice of removal within 30 days after receipt of a copy of the initial pleading. 28 U.S.C. § 1446(b). This "first pathway" applies where "the basis for removal is clear from the complaint." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1090 (9th Cir. 2021). If "it is unclear from the complaint whether the case is removable," the pleading is "indeterminate," and the case is not removable at that stage. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 693–94 (9th Cir. 2005); *accord Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1189 (9th Cir. 2015). If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3). When removability is not apparent from the face of the complaint or ascertainable from a subsequent paper, a defendant may remove a matter based on diversity jurisdiction outside of these two 30-day timelines, but within a year of commencement of the action. 28 U.S.C. § 1446(c); *see Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013) (observing § 1446(c) requires that "a notice of removal must be filed, in any event, within one year of the commencement of the action").

B.    <u>Analysis</u>

1.    **Timeliness of Removal**

Plaintiffs contend that removal was untimely because the Complaint asserts that they were California residents and "Defendant had sufficient information to plausibly allege satisfaction of the jurisdictional threshold." (Mot. at 2.) But diversity jurisdiction

4

1   is based on Plaintiffs' *citizenship*, not their *residence*.  *See Kanter v. Warner–Lambert*

2   *Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (parties' actual citizenship, not residency,

3   determines diversity); *accord Rainero v. Archon Corp.*, 844 F.3d 832, 839 (9th Cir. 2016).

4   And the Complaint does not allege the actual price paid or payable by Plaintiffs for the

5   Subject Vehicle or any information from which Defendant could estimate statutory offsets

6   such as the mileage of the vehicle when presented for repair.  Thus, the amount in

7   controversy on Plaintiffs' Song-Beverly Act claims is indeterminate from the face of the

8   Complaint, and the 30-day clock under the first pathway of removal does not apply.

9

10          Plaintiffs contend, however, that "[g]iven its sophisticated knowledge of the motor

11  vehicle industry, Defendant GM has, at a minimum, a rudimentary understanding or

12  ability to ascertain an approximation of the Subject Vehicle's market value as the

13  manufacturer and distributor of the Subject Vehicle; especially given that the make,

14  model, year, and VIN, were included within the factual bases alleged within the

15  Complaint."  (Mot. at 7–8.)  To the contrary, the "notice of removability under § 1446(b)

16  is determined through examination of the four corners of the applicable pleadings, not

17  through subjective knowledge or a duty to make further inquiry."  *Harris*, 425 F.3d at

18  694; *accord Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013)

19  ("declin[ing] to hold that materials outside the complaint start the thirty-day clock").

20  Plaintiffs assert that as part of the parties' prelitigation settlement discussions, "Plaintiff

21  produced to Defendant a copy of the Subject Vehicles Sales Agreement and repair

22  orders."  (Mot. at 1–2) (emphasis omitted).  The Ninth Circuit has rejected the "suggestion

23  that a pre-complaint document containing a jurisdictional clue can operate in tandem with

24  an indeterminate initial pleading to trigger some kind of hybrid of the first and second

25  removal periods."  *Carvalho v. Equifax Information Servs., LLC*, 629 F.3d 876, 886 (9th

26  Cir. 2010) ("[W]e conclude that any document received prior to receipt of the initial

27  pleading cannot trigger the second thirty-day removal period.").

28

1    Plaintiffs additionally argue that because his complaint contains a federal cause of

2    action under the MMWA, federal question jurisdiction was clear from the complaint.

3    (Mot. at 5–6).  The MMWA includes an amount in controversy threshold of $50,000.  *See*

4    *Kelly v. Fleetwood Enters., Inc*., 377 F.3d 1034, 1037 (9th Cir. 2004) (citing 15 U.S.C.

5    § 2310(d)).  Accordingly, federal jurisdiction for an MMWA claim "does not exist unless

6    the amount in controversy exceeds $50,000."  *Id.* (citation omitted); *see Shoner v. Carrier*

7    *Corp*., 30 F.4th 1144, 1147 (9th Cir. 2022) ("Although the MMWA is a federal statute,

8    federal courts do not have jurisdiction over an MMWA claim if the amount in controversy

9    is less than $50,000.").  Here, the Complaint does not clearly assert the basis for damages

10    on the MMWA claim, and as discussed above, the Complaint is indeterminate as to any

11    values necessary to calculate an amount in controversy.  Accordingly, inclusion of the

12    MMWA claim in the Complaint did not start a 30-day clock for removal.

13

14    **2.    Amount in Controversy**[2]

15

16    Plaintiffs vaguely contend that Defendant "failed to establish removal is

17    substantively proper."  (Mot. at ii; *see id.* at 7–8).  But "a defendant's notice of removal

18    need include only a plausible allegation that the amount in controversy exceeds the

19    jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S.

20    81, 89 (2014).  Under the Song-Beverly Act, a plaintiff may receive actual damages in the

21    _____

22    [2] The parties do not dispute that there is complete diversity.  Based on its own
investigation, Defendant asserts that Plaintiffs are California citizens or residents.  (Notice

23    at 3–4; *see* Opp'n at 5, 16).  A limited liability company (LLC) such as Defendant is a

24    citizen of each state in which its owners or members are citizens.  *Johnson v. Columbia
Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  A corporation is a citizen in

25    the state in which it is incorporated and the state "where it has its principal place of

26    business."  28 U.S.C. § 1332(c)(1).  Here, Defendant is an LLC whose sole member is
General Motors Holdings LLC.  (Notice at 3–4).  The sole member of General Motors

27    Holding LLC is General Motors Company.  (*Id.*).  General Motors Company is
incorporated in Delaware with a principal place of business in Michigan.  (*Id.*).  Thus,

28    there is complete diversity of citizenship between the parties.

6

1    amount of "the actual price paid or payable by the buyer," offset by the "amount directly
2    attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the
3    manufacturer or distributor." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). Actual damages are
4    further offset by negative equity; noncash credits provided by the manufacturer; and the
5    actual price of "optional equipment, service contracts, or [guaranteed asset protection]
6    financing purchased by the plaintiff." Cal. Code of Civ. Proc. § 871.27(b)–(d). A
7    plaintiff may also be entitled to civil penalties if the defendant's violations were willful.
8    Cal. Civ. Code § 1794(c). A civil penalty award may not exceed twice the amount of
9    actual damages. *Id*.

10

11    The Notice plausibly alleges that the amount in controversy exceeds $75,000.
12    After its preliminary investigation, Defendant estimated the Subject Vehicle's purchase
13    price was $95,584.44. (Notice at 5). Defendant also estimated $63,531.98 in statutory
14    deductions, yielding an estimate of actual damages of $32,052.46. (*Id.*). The Complaint
15    also seeks civil penalties in the amount of twice Plaintiffs' actual damages. (Compl. at 6).
16    The Song-Berverly Act also allows recovery of attorneys' fees, which Defendant estimates
17    at $5,000 to date. (Notice at 6). In sum, Defendant's investigation revealed a plausible
18    basis for concluding that the amount in controversy exceeded the $75,000 threshold for
19    diversity jurisdiction.

20

21    Plaintiffs contend that Defendant failed to demonstrate that the amount in
22    controversy exceeds the jurisdictional threshold. (Mot. at 9–11). If the plaintiff contests
23    the defendant's jurisdictional allegation, "both sides submit proof and the court decides,
24    by a preponderance of the evidence, whether the amount-in-controversy requirement has
25    been satisfied." *Dart Cherokee Basin*, 574 U.S. at 88. "Under this system, a defendant
26    cannot establish removal jurisdiction by mere speculation and conjecture, with
27    unreasonable assumptions." *Ibarra v. Manheim Invs., Inc*., 775 F.3d 1193, 1197 (9th Cir.
28    2015). "But assumptions made part of the defendant's chain of reasoning need not be

7

proven; they instead must only have some reasonable ground underlying them." *Arias v. Residence Inn by Marriot*, 936 F.3d 920, 927 (9th Cir. 2019) (citation omitted).  While Plaintiffs arguably waived this argument, as discussed above, the Court allowed supplemental briefing to develop this issue.

Here, Defendant has provided the purchase agreement, repair history, and loan payment history for the Subject Vehicle.[3]  (Opp'n at 16–17; *see* Garbuzov Decl. ¶¶ 2–4 & Exs. A–C).  Based on this information, Defendant applied a mileage offset, other deductible offsets, and estimated the remaining unpaid financing, which indicated actual damages reasonably estimated as $41,341.05.  (*Id.* at 16–17).  Plaintiffs alleged willful violation of the Song-Beverly Act in his Complaint and seek civil penalties twice actual damages.  (Compl. at 6 & ¶¶ 18, 25, 29).  This raises the reasonable amount in controversy to $124,023.15 without even considering attorneys' fees.

Plaintiffs contend that mere allegations of willfulness are insufficient to place civil penalties in controversy.  (Mot. at 10–11; Reply at 6–9).  The Court is mindful that some district courts require defendants to proffer evidence that a plaintiff will receive the maximum amount of civil penalties.  *See, e.g., Gomez v. Nissan North America, Inc.*, No. 2:24-cv-09020-SVW, 2025 WL 26368, at *5–6 (C.D. Cal. Jan. 3, 2025) (declining to consider civil penalties because plaintiff's allegations of willfulness were conclusory).  Nevertheless, "[m]any courts have included the maximum civil penalty available under the Song-Beverly Act as part of the amount in controversy, at least when the plaintiff alleges that the defendant acted willfully and requests the full penalty in the complaint." *Amavizca v. Nissan North America, Inc.*, No. ED CV 22-02256 JAK (KK), 2023 WL 3020489, at *6–8 (C.D. Cal. Apr. 19, 2023) (collecting cases).

---

[3] Plaintiffs inexplicably argue that Defendant failed to provide the purchase agreement, repair chronology, offset data, and pre-suit exchanges.  (Reply at 4–5).

8

Here, Plaintiffs allege that they are entitled to a civil penalty of two times their actual damages due to Defendant's willful conduct (Compl. at 6; *see id.* ¶¶ 18, 25, 29), and Defendant provides evidence that the Subject Vehicle was presented for repair at least nine times (Opp'n at 17; *see* Garbuzov Decl. ¶ 3 & Ex. B).  Although Plaintiffs contend that Defendant's civil penalty assumption is unsupported, Plaintiffs do not address their own allegations regarding willful conduct or Defendant's evidence regarding the number of times the vehicle was presented for repair.  The Court finds that it is appropriate here to include the maximum amount of civil penalties in the calculation of the amount in controversy.  The inclusion of civil penalties results in an amount in controversy that exceeds $75,000, without consideration of attorneys' fees and costs.

In sum, the Court finds that Defendant has met its burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000 for purposes of diversity jurisdiction.

## IV.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is **DENIED**.  The Court will issue a separate order setting a scheduling conference.

**IT IS SO ORDERED**.

DATE:  January 7, 2026

_____
PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE